**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMUEL KNIGHT, ) | |
| ) | 2:08-cv-00308-RCJ-GWF |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| METROPOLITAN POLICE DEPARTMENT OF ) | |
| FAMILY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (#29); Motion for a Preliminary Injunction (#42); and Motion for Habeas Corpus (#47). The Court has considered Plaintiff's Motions and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is *denied*, Plaintiff's Motion for Preliminary Injunction is *denied*, and Plaintiff's Motion for Habeas Corpus is *denied*.

**BACKGROUND**

On March 18, 2008, Plaintiff Samuel Knight brought a Civil Rights Complaint ("Complaint") against numerous defendants including Metropolitan Police Department, Department of Family Services, Municipal Marshals, Las Vegas District Court, Las Vegas Detention Center, and Doctors. The Complaint stemmed from an incident which occurred on September 20, 2007 at Doolittle Park.

1   On September 25, 2008, Plaintiff filed a Motion for Appointment of Counsel, which the Court denied on October 1, 2008. Plaintiff filed a Motion for the District Judge to Reconsider Order on Motion for Appointment of Counsel, which is before the Court today. Plaintiff filed a third Motion for Appointment of Counsel on January 27, 2009, which was denied on January 29, 2009.

On September 8, 2008, Defendant, Clark County Detention Center ("CCDC"), filed a Motion to Dismiss with Summary Judgment Treatment. On November 17, 2008, the Court heard oral arguments and granted the Motion issuing an Order on November 26, 2008. The Court allowed Plaintiff fifteen (15) days from the date of the Order to amend his Complaint to identify the proper parties. Further, the Court stated that the Plaintiff, in identifying the alleged culpable parties, must have sufficient basis for naming said individuals, officers, or entities. The Court stated that if the Plaintiff failed to timely or otherwise properly amend the Complaint pursuant to the Order, the Plaintiff's Complaint and all claims shall be dismissed.

Plaintiff filed an Amended Complaint ("Second Amended Complaint") on December 18, 2008. In the Second Amended Complaint, Plaintiff alleges that on October 21, 2008, Las Vegas Metropolitan Police Department ("LVMPD") arrested Plaintiff. While in jail, Plaintiff, who is confined to a wheelchair, alleges personnel at CCDC made him lay in his own waste and did not give him his necessary medications for three and a half days. Plaintiff states that after the three and a half days, he had to stay in a medical unit for five days where forty percent of the other inmates had some sort of a stomach virus. After the five days at this medical facility, Plaintiff went to an unknown court which issued an order for Plaintiff to be released on his own recognizance. Allegedly, Plaintiff was confined another twenty three and a half hours without his medications before finally being released. Upon release, Plaintiff learned all of the personal belongings that he had brought with him to jail were missing. Plaintiff states he was initially told he would receive compensation for his belongings, but after waiting two months Plaintiff was advised he would receive nothing. Plaintiff

1 further states that after inquiry to an unknown court, he was told no criminal charges were ever filed
2 against him after the October 21st arrest.

3      The Second Amended Complaint further alleges that after this arrest, Plaintiff began to fear
4 for his life. As a result of his fear, Plaintiff claims he stayed inside his home all day, everyday. On
5 December 12, 2008, Plaintiff states twenty five or more police officers, with their guns drawn, broke
6 Plaintiff's door down, tied Plaintiff to his wheelchair, and took him outside. The police officers
7 proceeded to search Plaintiff's home. After the search, Plaintiff alleges the police officers stole
8 money from his home, falsified charges of drug possession, and subsequently arrested him. At the
9 time of the filing of the Second Amended Complaint, Plaintiff was still incarcerated and claims he
10 is not receiving adequate medical care nor his proper medications. The Second Amended Complaint
11 did not re-state any of the prior allegations from the original Complaint regarding the incident at
12 Doolittle Park. Additionally, the Second Amended Complaint did not ask for any form of relief.

13      On January 6, 2009, Plaintiff filed a document entitled Amended Complaint, but it was
14 construed and taken as a Motion for Preliminary Injunction. The Motion for Preliminary Injunction
15 is based on the same incidents set forth in the Second Amended Complaint. Additionally, the
16 Motion for Preliminary Injunction alleges Plaintiff has erroneously been labeled a convicted sex
17 offender for the past twenty years. Plaintiff alleges he was wrongfully convicted and as a result has
18 been made to register as a sex offender. The only form of relief Plaintiff asks for is "an injunctive
19 relief and an immediate response to the retaliatory prosecution and the official lawlessness that
20 Plaintiff has and is constantly receiving from the Metropolitan Police and the Prosecutor's Office."
21 (#42 at 1).

22      On January 21, 2009, Plaintiff filed a Motion for Habeas Corpus. Plaintiff complains of the
23 conditions at the Clark County Detention Center and alleges that the lack of medical attention poses
24 a threat to his life. Plaintiff states that the staff at the Clark County Detention Center has
25

1 misdiagnosed him and given him the wrong medication which made him extremely ill. Plaintiff asks
2 the Court to intervene and transfer Plaintiff to another facility or medical institution.

3        On January 27, 2009, Plaintiff filed a Third Amended Complaint ("Third Amended
4 Complaint").  The Third Amended Complaint re-states the allegations set forth in the Second
5 Amended Complaint regarding the events surrounding service of a search warrant and arrest
6 occurring on or about October 21, 2008, the second arrest occurring on or about December 12, 2008,
7 and the housing conditions at CCDC.  However, in the Third Amended Complaint, Plaintiff
8 specifically asks for relief.

9 <center>**DISCUSSION**</center>

10 **I.      Motion for Appointment of Counsel.**

11        On October 1, 2008, the Court issued Order (#27), which denied Plaintiff's request that the
12 court appoint counsel to represent him on this case. On January 29, 2009, the Court issued Order
13 (#50), which denied Plaintiff's request that the Court appoint counsel to represent him in this case.
14 There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents*
15 *of Univ of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In determining whether counsel should be
16 appointed, the court has discretion to consider three relevant factors: (1) the plaintiff's resources; (2)
17 the efforts made by the plaintiff to secure counsel; and (3) the meritoriousness of the plaintiff's
18 claim. *Id.*  Plaintiff again has failed to present sufficient evidence to persuade the Court to appoint
19 counsel to represent him.

20 **II.     Motion for Preliminary Injunctive Relief.**

21        The Ninth Circuit had utilized two alternative tests for evaluating the issuance of injunctive
22 relief.  Traditionally, the applicant was required to demonstrate: (1) a likelihood of success on the
23 merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the
24 applicant; and (4) whether any public interest favors granting the injunction. *Raich v. Ashcroft*, 352
25 F.3d 1222, 1227 (9th Cir. 2003).  Then, the Ninth Circuit employed an alternate standard, requiring

1  the applicant to establish either: (1) a combination of probable success on the merits and the
2  possibility of irreparable harm; or (2) that serious questions are raised going to the merits, and the
3  balance of hardships tips sharply in the applicant's favor. *Bernhardt v. Los Angeles County*, 339
4  F.3d 920, 925 (9th Cir. 2003). The two tests are consistent and not in conflict with each other.

5  The Supreme Court has recently issued a decision in which it rejected the Ninth Circuit's two
6  prong sliding standard. *Winter v. Natural Res. Def. Council*, 2008 U.S. LEXIS 8343 (U.S. Nov. 12,
7  2008). It held that the "possibility" standard is too lenient and specified the proper standard as a
8  demonstration of irreparable harm that is "likely" in the absence of an injunction. *Id.* at *4. Proper
9  consideration must be given to the balance of equities and public interest as well. *Id.* at *6.
10 Additionally, the likelihood of irreparable injury can be outweighed by public or petitioner's interest.
11 *Id.* When an injunction is issued, the applicant is required to give security "in such sum as the court
12 deems proper, for the payment of costs and damages as may be incurred or suffered by any party who
13 is found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c) (2004).

14 Plaintiff fails to demonstrate a combination of likelihood of success on the merits and a
15 likelihood of irreparable harm. Plaintiff has not met the burden of establishing that the balance of
16 hardships tips in his favor in order to overcome the serious questions regarding the merits of his case.
17 Because Plaintiff filed his motion pro se, the Court may liberally construe the motion and hold it to
18 a less stringent standard than the Court would otherwise view formal pleadings submitted by an
19 attorney. *See Haynes v. Kerner*, 404 U.S. 519, 520–21 (1972). Even if the Court accepts Plaintiff's
20 late filing of the Second Amended Complaint and the subsequent Third Amended Complaint, the
21 allegations set forth in these Complaints do not establish a likelihood of success on the merits of his
22 claims. Additionally, Plaintiff does not specify exactly what irreparable harm is likely to occur if
23 he is not granted a preliminary injunction. Plaintiff has failed to state the form of relief he seeks
24 from the Court in his Motion for Preliminary Injunction.

25

### III. Motion for Habeas Corpus.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that he is in custody in violation of the Constitution. 20 U.S.C. § 2254(a) (2006). Under 28 U.S.C. § 2441, federal habeas corpus is available prior to trial and judgment for some reason such as pre-conviction custody, custody awaiting extradition, or some other forms of custody that are possible without a conviction. *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004).

Principles of comity and federalism require a federal court to abstain from deciding pre-conviction habeas challenge unless the petitioner demonstrates that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980). Special circumstances involve those cases in which there is "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Id.* (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Further, habeas relief is not the proper avenue for claims regarding misconduct by detention officials; a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a pre-trial detainee to challenge the conditions of confinement. *See McCarthy v. Bronson*, 500 U.S. 136, 141–43 (1991).

A writ of habeas corpus is the improper avenue of relief for Plaintiff. First, Plaintiff fails to establish that his custody is in violation of the Constitution. Second, Plaintiff has not established he has exhausted all available state judicial remedies. Lastly, Plaintiff, fails to set forth special circumstances which warrant federal intervention. Nothing indicates that Plaintiff's case is one involving "proven harassment" nor does it involve a prosecution "undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Plaintiff's complains of treatment at CCDC therefore habeas relief is not the proper avenue for Plaintiff.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is *denied* (#29); IT IS FURTHER ORDERED Plaintiff's Motion for Preliminary Injunction is *denied* (#42); and IT IS FURTHER ORDERED Plaintiff's Motion for Habeas Corpus is *denied* (#47).

DATED this 4th day of March, 2009.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

(nk)