# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL D. KNIGHT, | |
| Plaintiff, | Case No. 2:08-cv-00308-KJD-GWF |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATIONS** |
| METROPOLITAN POLICE DEPARTMENT OF FAMILY SERVICES, *et al.*, | Third Amended Complaint (Dkt #63) and Motion to Serve Summons (Dkt. #64) |
| Defendants. | |

This matter is before the Court on Plaintiff's Third Amended Complaint pursuant to 42 U.S.C. § 1983 (Dkt. #63) and Plaintiff's Motion to Serve Summons to Named Defendants (Dkt. #64), filed on April 1, 2009. The Court finds that Plaintiff's 42 U.S.C. § 1983 claim against Clark County Detention Center Sergeant John Doe and Family Services employee Jennifer Scagnelli for violation of his Fourth Amendment rights may proceed. The Court will recommend dismissal with prejudice of Plaintiff's remaining claims in this matter.

## BACKGROUND

On September 19, 2007, Plaintiff alleges that members of the Las Vegas police arrested him at a park and took him to the Clark County Detention Center ("CCDC") based on a prior criminal charge. (Dkt. #63 at 3). Plaintiff states in his Complaint that he is confined to a wheelchair and has no use of his legs. (*Id.* at 2-3). At the CCDC, Plaintiff claims that an unnamed officer came up behind Plaintiff, and at the request of Family Services employee Jennifer Scagnelli, punched Plaintiff in the face, picked him up, and dumped Plaintiff on a metal bunk, where the CCDC officers allegedly left Plaintiff for

three days. (*Id.* at 3).

After six days in the county detention center, Plaintiff alleges he was transferred to the City of Las Vegas Detention Center where he remained incarcerated for another six (6) days. (*Id.* at 4). While Plaintiff was at the City of Las Vegas Detention Center, Plaintiff alleges that he was placed in a cell for 23 hours a day and not given medication or medical treatment by the detention center doctors. (*Id.*)

Plaintiff then alleges that the police searched his home for drugs in December 2008 and seized his property before arresting him. (*Id.* at 5). Plaintiff claims that the search, conducted pursuant to a warrant, was illegal because Clark County District Court Judge Susan Johnson allegedly issued the warrant without requiring the police to demonstrate probable cause. (*Id.* at 6-7). Additionally, Plaintiff alleges that at his hearing, he was deceived into pleading guilty by the Prosecutor and Public Defender. (*Id.* at 7).

Plaintiff spent months incarcerated at the CCDC after his December 2008 arrest. (*Id.* at 6). During that time, Plaintiff alleges he suffered medical neglect and had to wait over three months for an operation. In addition, Plaintiff claims that he was mis-diagnosed with diabetes by the prison medical staff and became extremely ill due to being administered diabetic medication. (*Id.*)

## DISCUSSION

**I.    Screening Standard Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing

1  the adequacy of a complaint or amended complaint.

2  Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Screening the Complaint**

   **A.    Claims Against District Attorney and Prosecutor Defendants**

In the complaint, Plaintiff brings suit against Clark County District Attorney David Roger, Assistant District Attorney Dena Rinett and Prosecutor Leslie Penya based on allegations that they have participated in the various investigations into, and prosecutions of, Plaintiff. Prosecutors are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Here, Plaintiff's allegations relate to functions intimately associated with a criminal prosecution. As a result, Plaintiff's claims against the District Attorney, Assistant District Attorney and Prosecutor must be dismissed on

1  grounds of prosecutorial immunity. *Id.*; *see also Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

### B. Claims Against Judicial Defendants

Plaintiff's Complaint also names Clark County District Court Judge Susan Johnson, Judge Douglas W. Herndon and Judge Larry Winstein as defendants based on their presiding over Plaintiff's different convictions over the past twenty years.  Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).  Here, Plaintiff's allegations relate to judicial acts undertaken during Plaintiff's criminal cases.  As a result, Plaintiff's claims against Judge Susan Johnson, Judge Douglas W. Herndon and Judge Larry Winstein must be dismissed on grounds of judicial immunity.

### C. Inadequate Medical Care Claims Against Remaining Defendants

Plaintiff's Complaint also includes due process claims for the failure to provide adequate medical care against the remaining Defendants: the Clark County Sheriff, Clark County Under Sheriff, Las Vegas Metropolitan Police officers, the Las Vegas Municipal Detention Center, individual Detention Center officials and the physicians at the Las Vegas Detention Center.  Plaintiff alleges the remaining Defendants violated his right to receive adequate medical care while in the custody of Clark County and the City of Las Vegas.  Because Plaintiff had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's protection against cruel and unusual punishment. *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002); *see also Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir.1996). "With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Carnell*, 74 F.3d at 979.  Therefore, the Court will analyze Plaintiff's inadequate medical care claims under the Eighth Amendment standard for "unnecessary and wanton infliction of pain".

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law

constitutes a violation of the Eighth Amendment ..." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation, alteration and internal quotation marks omitted)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs. *Toguchi* at 1057. Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Id.* (quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)) (citation omitted). First, there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187 (citation and internal quotation marks omitted). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Pursuant to a "deliberate indifference" analysis, the Court views whether "the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187. "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.*; *see also Hallet*, 296 F.3d at 744 (stating "Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted). After viewing Plaintiff's Third Amended Complaint (Dkt. #63), the Court finds that Plaintiff fails to allege facts sufficient to state a claim for relief under the Eighth Amendment's two-part test. *Toguchi*, 391 F.3d at 1057. Plaintiff has not demonstrated that Defendants deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Additionally, Plaintiff has not demonstrated that Defendants "acted with deliberate

indifference in doing so." *Id.* In fact, Plaintiff states in his Complaint that he has been examined by medical physicians. Thus, the Court finds that Defendants' actions cannot constitute deliberate indifference. *See Gibson*, 290 F.3d at 1187. The Court will recommend that Plaintiff's due process claims for inadequate medical care be dismissed with prejudice.

### D. Fourth Amendment Claim Against Sergeant John Doe and Jennifer Scagnelli

Plaintiff's allegations that Sergeant John Doe[1] at the CCDC "punched Plaintiff in the face," allegedly at the urging of Family Services employee Jennifer Scagnelli, constitutes a potential Fourth Amendment claim for the use of excessive force. The Fourth Amendment "sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." *Gibson*, 290 F.3d at 1197-98 (citing *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir.1996) *cert. denied*, 519 U.S. 1006 (1996)). Determining whether an officer's use of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotations omitted). This analysis requires "careful attention to the facts and circumstances in each particular case," including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting the officers or attempting to flee. *Gibson*, 290 F.3d at 1197-98 (citing the factors to consider from *Graham*, 490 U.S. at 396, but noting that some factors may not be relevant in a pretrial detention setting). Finally, the Court will "examine the circumstances underlying a Fourth Amendment claim from the viewpoint of the reasonable officer on the scene, 'rather than with the 20/20 vision of hindsight.'" *Gibson*, 290 F.3d at 1197-98 (quoting *Graham*, 490 U.S. at 396) (noting "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving"). Plaintiff's allegation that an officer at the CCDC punched him in the face at the urging of a Family Services employee, if true, could constitute an unreasonable action and an intrusion on Plaintiff's Fourth

---

[1] Plaintiff is unable to name the CCDC Sergeant in question, identifying only that the officer's name began with a "W". (Dkt. #63 at 3).

Amendment rights that outweighs any countervailing government interest at stake.  Therefore, pursuant to 42 U.S.C. § 1983, Plaintiff's claims against CCDC Sergeant John Doe and Jennifer Scagnelli do allege that a federal constitutional right was violated by a government official.

The screening of Plaintiff's Third Amended Complaint (Dkt. #63) has been completed pursuant to 28 U.S.C. §1915A.  Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Third Amended Complaint (Dkt. #63).  Plaintiff may pursue his 42 U.S.C. § 1983 claims against CCDC Sergeant John Doe and Jennifer Scagnelli, alleging violation of his fourth amendment rights.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve Summons to Named Defendants (Dkt. #64) is **GRANTED** in part and **DENIED** in part.  The Clerk of the Court shall issue a summons to Clark County Detention Center Sergeant John Doe and Jennifer Scagnelli and deliver the summons to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendant was served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that Plaintiff shall identify the John Doe Defendant Officer by name and provide sufficient contact information for Defendant John Doe on the required US-285 form in order for the U.S. Marshall to serve Defendant.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate

1  stating the date that a true and correct copy of the document was mailed to the Defendant or their
2  counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk
3  which fails to include a certificate of service.

### RECOMMENDATION

Based on the foregoing, it is the **recommendation** of the undersigned United States Magistrate Judge that Plaintiff's claims against District Attorney David Roger, Assistant District Attorney Dena Rinett, Prosecutor Leslie Penya, Judge Susan Johnson, Judge Douglas W. Herndon and Judge Larry Winstein, Clark County Sheriff Douglas Gillespie, Clark County Undersheriff Rod Jett, Las Vegas Metropolitan Police Sergeant Phillip, Las Vegas Metropolitan Sergeant V. Dumas, Las Vegas Metropolitan Police R. Horn, Las Vegas Metropolitan Police Officer C. Neri, Doctor Hayes, Nurse Nancy, Nurse Mary, the Las Vegas Detention Center, Las Vegas Detention Center Chief Coynes, Las Vegas Detention Center Officer Salazar, Transportation Officer Coleman, Doctor Saavedra and Public Defender Jennifer Bolton should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of July, 2009.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**